UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-61909-CIV-CANNON

**EUGENE HWANG**,

  Petitioner,
v.

**MARK S. INCH**,
Secretary, Florida Department of Corrections,

  Respondent.
                  /

**ORDER ACCEPTING REPORT AND RECOMMENDATION
AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon the Report and Recommendation (the "Report") issued by Magistrate Judge Patrick M. Hunt on September 7, 2023 [ECF No. 20]. The Report recommends denial of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (the "Petition") on all grounds [ECF No. 1]; denial of an evidentiary hearing; and no certificate of appealability [ECF No. 20]. Petitioner filed timely objections to the Report and requested an evidentiary hearing [ECF No. 21].[1] Upon review of the Petition and the full record [ECF Nos 14, 18, 20], including a *de novo* review of Petitioner's Objections to the Report [ECF No. 21], the Court finds Petitioner's Objections to lack merit and **ACCEPTS** the well-reasoned Report.

---

[1] Although Petitioner was released from state custody on April 17, 2023, *see Corrections Offender Network*, Fla. Dep't. of Corr., https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=I43912&TypeSearch=IR; *Sexual Offenders and Predators Search*, Fla. Dep't. of Law. Enf't, https://offender.fdle.state.fl.us/offender/sops/offenderSearch.jsf, the Court treats Petitioner as "in custody" for purposes of § 2254. *See Clements v. Fla.*, 59 F.4th 1204, 1208 (11th Cir. 2023) (confirming that "custody" is determined as of the time of the filing of the petition).

\*\*\*

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objections are made are reviewed for clear error only. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985; *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court addresses Plaintiff's objections below, incorporating the factual background and discussion of the Report to avoid repetition.

**Ground One**

Ground One alleges that the trial court erred when it denied Petitioner's motion to redact out-of-court statements from a police-recorded conversation between Petitioner and the victim [ECF No. 1 pp. 19–23 (referencing statements made by a third-party telling Petitioner "not to" have sex with the victim); ECF No. 16-1 pp. 413–14 (victim testifying that third-party was a friend of Petitioner who was present during the sexual battery and precedent events)]. The Report denied this ground because the state appellate court reasonably determined that the out-of-court statements were not hearsay, and, in any event, because the statements were cumulative of other evidence that was admitted for substantive purposes (including Defendant's own statements) [ECF No. 20 pp. 8–10]. Petitioner raises a general objection to the Report's conclusion on this point, maintaining his position that the statements made by the third-party in the recording were highly prejudicial hearsay that should not have been admitted [ECF No. 21 pp. 2–4].

Upon review, the Court finds no error in the Report as to Ground One. As the Report

explains, the state appellate court's determination that the statements identified by Petitioner were not being used for the truth of the matter but rather for the effect upon the listener (Petitioner), *see Hwang v. State*, 219 So. 3d 67 (Fla. Dist. Ct. App. 2017), was "neither contrary to nor an unreasonable application of clearly established law, nor was it an unreasonable determination" of the facts [ECF No. 20 p. 9].[2] The Court agrees; the statements by the third party telling Petitioner "not to" have sex with the victim were reasonably deemed admissible for a valid non-hearsay purpose, specifically, to show the effect the statements had on Petitioner in deciding whether to have sex with the victim and to show how Petitioner reacted after the incident when discussing the incident with the victim on the phone [ECF No. 20 p. 9; *see* ECF No. 16-1 pp. 228–29 (trial court's reasoning for why the statement was used for its effect on the listener)]. Moreover, as the Report also explains, the statements of the third party provide context for Petitioner's own statements and are cumulative of other evidence containing the same statements made by the third party that were admitted for substantive purposes [ECF No. 20 p. 9]. Accordingly, the Court agrees with the Report, over Petitioner's generalized objection, that the state appellate court's ruling on the hearsay issue was not an unreasonable application of law or fact [ECF No. 20 p. 9]. Ground One fails.

**Ground Two**

In Ground Two, Petitioner argues that the state post-conviction court erred when it rejected his claim that trial counsel rendered constitutionally deficient performance by failing to seek a limiting instruction related to the same out-of-court third-party statement referenced above [ECF No. 1 pp. 23–27]. Again, the Court finds no error in the Report and no unreasonable determination of fact or law in the post-conviction court's treatment of this issue [ECF No. 15-4

---

[2] Under 28 U.S.C. § 2254(d), this Court reviews the decision of the Florida appellate court that issued a reasoned, written decision on the subject, which in the case of Ground One is the Fourth District Court of Appeal's decision in *Hwang v. State*, 219 So. 3d 67 (Fla. Dist. Ct. App. 2017). *See Wilson v. Sellers*, 138 S. Ct. at 1192.

p. 155 (adopting state's reasoning at ECF No. 15-4 p. 137)]. As to trial counsel's purported deficiency, the post-conviction court did not unreasonably determine that such a request for a limiting instruction could have been perceived by counsel as a "strategically reasonable" tactic in order not to draw more attention to the third-party's statements [ECF No. 20 pp. 12–13]. As background, Petitioner's trial counsel objected pre-trial on hearsay grounds to admission of the subject statements; the trial court rejected the hearsay challenge because the statements were not being offered for the truth (as the appellate court also determined); and then Petitioner's counsel preserved his hearsay objection but elected not to seek a separate limiting instruction at the time of admission or otherwise to lodge additional objections in the presence of the jury [ECF No. 16-1 pp. 228–29, 365; ECF No. 15-1 pp. 440–41]. That decision, the post-conviction court determined, did not rise to the level of constitutional ineffectiveness [ECF No. 15-4 p. 137], and Petitioner's conclusory arguments do not show otherwise [ECF No. 21 pp. 4–5]. Petitioner reiterates his view about the hearsay nature of the testimony, and he generally argues that a limiting instruction would have been warranted [*see* ECF No. 21 pp. 4–5]. But the Court sees no unreasonable application of law or fact in the post-conviction court's determination. And, more fundamentally, Petitioner has not shown, either in the Petition or in his Objection [ECF No. 1 p. 25; ECF No. 21 p. 5], that any alleged deficiency on the part of counsel in not seeking a contemporaneous limiting instruction would have made any difference in the ultimate outcome at trial given (1) the overwhelming evidence of guilt on the count of conviction (sexual battery) and (2) the fact that the alleged hearsay was cumulative of other properly admitted substantive evidence (including through Petitioner's own non-hearsay statements) [*See* ECF No. 20 p. 12]. Ground Two fails.

**Ground 3**

Ground Three alleges that the post-conviction court erred by denying Petitioner's ineffectiveness challenge to his counsel's failure to request a special interrogatory on the verdict form [ECF No. 1 pp. 28–29]. Petitioner argues that the verdict form "should have required the jury to make a specific finding of penetration or union," because he was charged with sexual battery by union or penetration [ECF No. 21 p. 6]. The Report correctly determines that the decision by counsel not to request a "union" interrogatory on the verdict form was not ineffective because the requested interrogatory was unnecessary: the jury was instructed on the definition of sexual battery, which under Florida law can be committed only by penetration or union; after finding Petitioner guilty of sexual battery on the verdict form, the jury was asked specifically via a special interrogatory if the battery occurred by penetration; the jury answered that special interrogatory question in the affirmative, necessarily concluding that Petitioner committed sexual battery by penetration (not by union); and in any event, the record plainly supported a finding of sexual battery by penetration [ECF No. 20 pp. 13–15]. For these reasons, Ground Three fails, and Plaintiff's objection reveals no error in the Report's determination [ECF No. 21 pp. 4–5; ECF No. 20 pp. 13–15; ECF No. 15-4 p. 155 (post-conviction court adopting state's reasoning at ECF No. 15-4 pp. 138–39)].

**Ground 4**

Ground Four is based on the claim that the state post-conviction court wrongfully denied Petitioner's motion for post-conviction relief related to trial counsel's alleged ineffectiveness in failing to file a motion in limine to redact references to the same out-of-court statements referenced in Grounds One and Two [ECF No. 1 pp. 30–33]. Petitioner says his counsel should have filed a motion in limine to exclude this evidence, a failure characterized by Petitioner as amounting to

constitutionally ineffective assistance [ECF No. 1 pp. 30–33]. For essentially the same reasons as stated above, the Court finds no error in the Report. Under applicable law, Petitioner's counsel cannot be deemed constitutionally ineffective for failing to file a motion to exclude hearsay given the valid non-hearsay purpose for which the statements were admitted [ECF No. 20 pp. 15–17]. Moreover, in a pre-trial hearing on the admissibility of the statements, trial counsel *did* raise a hearsay challenge to the statements and argued against their admission—an argument the trial court did not accept after applying well-established hearsay principles. And finally, even assuming some degree of deficiency in counsel's handling of the out-of-court statement, Petitioner does not meaningfully dispute the overwhelming amount of other evidence indicating Petitioner's guilt, including Petitioner's own statements that he took advantage of the victim [ECF No. 20 p. 16]. The Report correctly found no unreasonable application of law or fact in the post-conviction court's determination that Petitioner's counsel was not deficient [ECF No. 15-4 pp. 144–45, 155]. Petitioner's conclusory Objection reveals no error in that decision [ECF No. 21].

**Ground 5**

Finally, in Ground Five, Petitioner claims error in the state post-conviction court's rejection of his ineffectiveness challenge based on counsel's decision not to call as a trial witness the third-party who made the out-of-court statements involved in Grounds One, Two, and Four [ECF No. 1 pp. 33–38]. As the Report addresses in detail, however, such a decision by Petitioner's counsel could indeed be perceived as reasonable trial strategy given the speculative nature of what the witness might say (and the fact that no matter what the witness said, it could neither discredit Petitioner's own statements that he assaulted the victim nor overcome the video of the assault, in which the victim can be heard telling Petitioner to stop) [ECF No. 20 pp. 17–19; *see* ECF No. 15-1 pp. 142–43, 155]. Petitioner objects, stating in a conclusory manner that his attorney's decision

"was not reasonable trial strategy" [ECF No. 21 p. 8]. The Court disagrees, for the reasons explained in the Report [ECF No. 20 pp. 17–19], which correctly finds no unreasonable application of law or fact in the state court's determinations on this point [ECF No. 15-4 p. 155 (post-conviction court adopting state's reasoning at ECF No. 15-4 pp. 142–43)].

\*\*\*

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 20] is **ACCEPTED**.

2. The Petition [ECF No. 1] is **DENIED**.

3. No certificate of appealability shall issue.

4. Final judgment to issue by separate order.

5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 19th day of October 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record